UNITED STATES *v.* FALLANI & COHN, INC. (No. 4406)[1]

United States Court of Customs and Patent Appeals, February 1, 1943

---

[1] C. A. D. 226.

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks* and *Richard E. FitzGibbon*, special attorneys, of counsel), for the United States.

*Lane & Wallace* (*William H. Fox* of counsel) for appellee.

[Oral argument December 2, 1942, by Mr. FitzGibbon and Mr. Fox]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

Lenroot, Judge, delivered the opinion of the court:

This appeal brings before us for review a judgment of the United States Customs Court (Second Division) holding that certain napkins, in chief value of flax, imported at the port of New York in 1939 are dutiable at 30 per centum ad valorem under paragraph 1014 of the Tariff Act of 1930 as modified by the trade agreement with the United Kingdom, T. D. 49753.

The merchandise was classified by the collector under paragraph 1529 (a) of said tariff act as flax articles embroidered by hand, and duty was assessed thereon at the rate of 90 per centum ad valorem.

Appellee claimed the merchandise to be properly dutiable at 30 per centum under paragraph 1014, *supra*, by virtue of said trade agreement with the United Kingdom.

Paragraph 1529 (a), *supra*, insofar as it is here pertinent reads as follows:

> * * * fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, *not including one row of straight hemstitching adjoining the hem;* * * * 90 per centum ad valorem. [Italics ours.]

Paragraph 1014, *supra*, as modified by the trade agreement with the United Kingdom (T. D. 49753) reads as follows:

> Napkins, finished or unfinished, wholly or in chief value of flax:
> Not exceeding one hundred and twenty threads to the square inch, counting the warp and filling, * * * * —30 per centum ad valorum.

A single question is presented by this appeal, viz, whether the involved napkins have more than one row of "straight hemstitching."

Upon the trial evidence was introduced by both parties, including a sample of the involved napkins, Exhibit 1, from which the trial court found that the openwork therein consists of only one row of straight hemstitching and therefore they were dutiable at 30 per centum ad valorem as claimed by appellee.

Judgment was entered accordingly, from which this appeal was taken.

The trial court in its decision discussed at some length the question of the presumption of correctness of the collector's classification, it being conceded that the napkins were not embroidered as classified by him.

However, this question is not important here, for although the collector's classification as flax articles embroidered by hand was wrong, the burden still rested upon appellee to establish that the classification claimed by it is correct.

It was stipulated that the napkins are composed wholly of flax and that they contain less than 120 threads to the square inch.

It is conceded by appellant that the involved napkins are hem-stitched, and that the evidence establishes that the design or pattern made by such hemstitching is known as "Gigliuccio," this name being derived from the Italian word "giglio" which means lily.

It further appears from the evidence that this particular design of hemstitching has been produced for many years, and napkins having this hemstitching are known as "Gigliuccio napkins."

Up to a certain point there is no dispute between the parties as to the process of producing such napkins.

It is conceded that the hemstitching known as "Gigliuccio" is produced by hand, the worker withdrawing a certain number of threads from the material. In Exhibit 1 two threads were withdrawn, then four threads were skipped and five threads were withdrawn, then four more threads were skipped and two threads were withdrawn. Thereafter the worker grouped the remaining threads by means of a needle and added threads, forming one row of the design known as "Gigliuccio."

Apparently in the minds of many of the witnesses there was no distinction between one row of "Gigliuccio" and one row of "straight hemstitching."

Walter T. Cohn, a witness for appellee, testified that he was a "general partner" of appellee. After describing the involved merchandise he testified, in part, as follows:

Q. Please explain to the court what, in your opinion, an article is which contains more than one row of "Gigliuccio" hemstitching.—A. What it is?

Q. Explain the nature of the article.—A. I can explain it this way: If I wanted an article having two rows of "Gigliuccio" hemstitching, I would have to send them the design to show them where I wanted the second row on the article.

Q. And the article which you received in accordance with that design would contain what on it?—A. Would contain one row on the end, plus an identical second row.

Q. Within all of your experience in the linen trade, would you say that the openwork adjoining the hem on Exhibit 1 consists of one row of plain or straight hemstitching of the kind known as "Gigliuccio"?—A. Yes, sir. * * *.

Upon cross-examination the witness testified as follows:

X Q. You say that is known as "Gigliuccio"?—A. Yes, sir.

X Q. And there are other kinds of hemstitching, are there not?—A. Yes, sir.

X Q. Name some of the others.—A. "Shire."

X Q. Do you know any others?—A. "Spoke."

X Q. Do you know any others?—A. Those are the only ones I am familiar with.

X Q. If you take a piece of paper and cover up those last two rows on the napkin, and leave that (indicating), would you say that that portion between your thumb and finger was hemstitching?—A. No.

X Q. Would you say that that was not hemstitching between my thumb and finger?—A. It might be.

X Q. How do you make hemstitching?—A. I have never made it so far; I have watched them make it.

X Q. How have you seen them make it?—A. They take a piece of linen and take a thread and draw a thread out, and after they have drawn the thread they will catch the thread to hem it down. After they have caught the thread they have drawn, it forms a hemstitch. If they want to work in a shire stitch, or if they want to make a spoke stitch, they will catch spoke stitches on both sides.

X Q. Is that exactly what appeared when you covered that up with a blotter?—A. No.

X Q. What did appear?—A. The first-thing that did appear was a hem.

X Q. You mean to say you didn't see any openwork there? Do you mean to tell me no threads had been removed?—A. No; I will call that a shire.

X Q. That would be a shire hemstitch, would it not?—A. Yes, sir.

X Q. That would be a shire hemstitch, would it not?—A. It would.

X Q. So there are two rows of shire hemstitching there, are there not?—A. Yes, sir; there are two rows.

Upon redirect examination he testified as follows:

R. D. Q. When these two rows counsel referred to became an integral part of the "Gigliuccio" hemstitching, could they, in your opinion, constitute two separate rows of plain hemstitching?—A. Not when combined with "Gigliuccio" hemstitching, but might separately, coming in separately.

R. D. Q. But when they become an integral part of this particular type of hemstitching known as "Gigliuccio," they lose their identity as separate hemstitching?—A. I would say yes.

Upon recross-examination the witness further testified as follows:

R. X Q. If in making what was a row of shire, and a row of shire below that, if the threads were not withdrawn in the center part and the napkins just had those rows on it, you would have two rows of shire hemstitching on it?—A. If I take this hemstitching as "Gigliuccio" hemstitching, I can't understand why we would be interested in this row and this row.

Eugenia Betti, a witness in behalf of appellee, testified, in part, as follows:

R. D. Q. In producing a row of Gigliuccio, the rows of small holes on each side of the Gigliuccio design are part of this particular design for producing Gigliuccio?—A. Yes.

R. D. Q. And this, in your opinion, would be one row of straight or plain hemstitching?—A. Yes, sir.

George Makla, a witness in behalf of appellee, testified, in part, as follows:

Q. During all of the years you have been familiar with "gigliuccio" hemstitching, has the design always been the same?—A. Since I have known it it has always been the same, over eighteen years.

Q. If you started to produce a row of "Gigliuccio" by withdrawing three separate sets of threads, then before completion of the three sets of threads what would that represent?—A. Unfinished work.

Q. So that would you say from all of your eighteen years of experience in the buying and selling and manufacturing of linens that the openwork adjacent to the hem and the other openwork constitutes one row of openwork known as "Gigliuccio"?—A. Yes, sir.

Q. Do you regard it as one row of plain or straight hemstitching?—A. I do.

\* \* \* \* \* \* \*

X Q. In producing the "punto Gigliuccio," do you produce these very small holes here on the side?—A. Right.

X Q. I am covering up the larger holes in the middle. Now, if they were the only things on that napkin, they would be hemstitching?—A. Yes.

X Q. Now, I cover up the two rows near the hem and leave only the small holes away from the hem; if that was all that was on the napkin, that would be hemstitching?—A. Yes.

X Q. Then, in producing "Gigliuccio," whether we want to or not, we do produce three rows of hemstitching, do we not?—A. There are three rows, that it all.

X Q. Then you have there three distinct rows?—A. They are threads drawn out at different distances; in other words, it produces one row of "Gigliuccio."

X Q. *Are those three rows which you designate independent and separate from each other?*—A. *Yes.*

X Q. How about the knitting thread which produces these clusters?—A. That is part of the "Gigliuccio." [Italics ours.]

\* \* \* \* \* \* \*

R. D. Q. Isn't it necessary that each of those rows becomes an integral part of the "Gigliuccio"?—A. Yes, sir.

R. D. Q. Is it three separate rows, or is it one row?—A. *Three rows.*

R. D. Q. The design is made of *three* separate rows, but they are all integral parts, all necessary integral parts to the creation of *one* row of "Gigliuccio"?—A. Right.

R. D. Q. All interworked together?—A. Right. [Italics ours.]

Wade S. Gorra, another witness in behalf of appellee, testified, in part, as follows:

Q. So when you order an article like Exhibit 1 or Exhibit 2, you simply specify the number of rows of "Gigliuccio"?—A. Right.

\* \* \* \* \* \* \*

Q. Would you say that all of the work appearing adjacent to the hem on Exhibit 1 is necessary to the production of "Gigliuccio"?—A. Absolutely; yes.

Q. If some of the work were missing, would it be "Gigliuccio" or not?—A. You would have a straight row of hemstitching, but you wouldn't have "Gigliuccio."

\* \* \* \* \* \* \*

Q. Now, in the production of one whole row, it is necessary to withdraw three sets of threads to create that type of hemstitching. Would you say that because of that fact three rows of openwork are produced?—A. I wouldn't say three rows of openwork, because it is necessary to handle it that way to group the cluster. Physically we don't consider them as open.

Q. What do you consider them?—A. I consider them as a necessary process for making that. There are two purposes. One of the purposes would be to finish the line of "Gigliuccio," and the other purpose would be for the worker to get the lines straight, because in cutting linen you must draw extra thread out before you cut it, because you could hardly ever draw it straight.

Q. From all of your experience in the linen trade, would you say that the openwork adjacent to the hem on Exhibit 1 constitutes one row of straight or plain hemstitching known as "Gigliuccio"?—A. Oh, yes.

Herbert Zeisler, a witness in behalf of appellee in rebuttal, testified, in part, as follows:

Q. Will you please look at exhibit 1 in this case and state whether you are familiar with the openwork which appears adjacent to the hem on that article.—A. Yes, sir; I am.

Q. Please state what that work is.—A. That is a row of hemstitching called "Gigliuccio."

Q. Is that work plain or straight hemstitching of the kind which you recognize as plain or straight hemstitching in your business?—A. It is.

Q. Does that constitute one or more than one row of hemstitching?—A. It is only one row of hemstitching.

　　　*　　*　　*　　*　　*　　*　　*

R. D. Q. Would you say that when a row of openwork is finished like the row of open work on Exhibit 1, with the finishing thread on each side to group the threads in clusters, that that produces one row of openwork, although it might have an appearance of something more?—A. No; it produces a row of hemstitching.

R. D. Q. A row of hemstitching?—A. Yes, sir.

Fred G. Sabbagh, a witness in rebuttal in behalf of appellee, testified as follows:

Q. Now, will you please look at Exhibit 1 in the case at bar, the openwork adjacent to the hem in that article, and state whether or not you are familiar with openwork of that character?—A. Yes, sir.

Q. How long have you been familiar with openwork like that?—A. About twenty years.

Q. Will you please state what that is.—A. It is known in the trade as "Gigliuccio" hemstitching.

Q. Is that a form of plain or straight hemstitching which falls within the class of articles which you know as such?—A. Well, we sell it as "Gigliuccio" hemstitched napkins.

Q. How long has that been true?—A. I would say about twenty years.

Q. How many rows of plain or straight hemstitching would you say are adjacent to the hem on Exhibit 1?

　　　*　　*　　*　　*　　*　　*　　*

The WITNESS: This is one row of "Gigliuccio" hemstitching.

George Massabni, another witness in behalf of appellee in rebuttal testified, in part, as follows:

Q. Now, will you please examine Exhibit 1 in the case at bar (handing to witness), the openwork adjoining the hem, and state if you are familiar with that work?—A. Yes, sir.

Q. How long have you been familiar with it?—A. For the last twenty years.

Q. Have you bought and sold that work at wholesale during the entire twenty years?—A. Yes, sir.

Q. Do you find that that openwork—what do you sell it as?—A. Straight "Gigliuccio" hemstitching.

Q. And do you find that that is a class of article which falls within the class of openwork which you know as plain or straight hemstitching?—A. Yes, sir.

Q. Have you ever handled articles which contained more than one row of "Gigliuccio" hemstitching?—A. I have.

Q. Please look at Illustrative Exhibit P (handing to witness). Are you familiar with articles of that kind?—A. Yes, sir.

Q. Please state what that constitutes.—A. This is two rows of "Gigliuccio" hemstitching—two rows of "Gigliuccio."

   *      *      *      *      *      *      *

X Q. But whether you intended to or not, in making "Gigliuccio," you have to make those two outside rows?—A. Yes, sir.

X Q. It wouldn't be Gigliuccio without those two outside rows?—A. It would be "Gigliuccio" in the center.

X Q. How could you support it? Which is "Gigliuccio"? The center row?—A. The whole thing is the "Gigliuccio."

X Q. And you couldn't have "Gigliuccio" without the whole three rows, could you?—A. Yes, sir; if it is unfinished.

X Q. No; I am talking about finished; you couldn't have finished "Gigliuccio" without the three rows, could you?—A. I don't see how you could.

X Q. So that that little row on the outside next to the hem is just as much a part of the "Gigliuccio" as the little row on the inside?—A. It is a supporting stitch for the "Gigliuccio."

X Q. Isn't the "Gigliuccio" itself?—A. Otherwise, that "Gigliuccio" wouldn't be straight.

X Q. Which is the "Gigliuccio"?—A. The whole thing is the "Gigliuccio."

X Q. It consists of three rows, two little ones and a big one?—A. The side stitching and the openwork makes the "Gigliuccio."

X Q. And it is three rows of openwork, isn't it?—A. There are three rows of openwork, yes.

X Q. One big one and two little ones on the outside?—A. The little one is only to make the openwork in the center straight. That is why they pulled a thread on the side in order to make both sides supporting the center.

X Q. That is right, and you need the whole three rows for "Gigliuccio"? It wouldn't be "Gigliuccio" without them?—A. The "Gigliuccio" is the openwork.

X Q. The two little rows are "Gigliuccio"?—A. No.

X Q. What are they?—A. That is stitching.

X Q. That is exactly what I want to know. Hemstitching?—A. Hemstitching supporting the center openwork.

X Q. Two rows of hemstitching supporting the center row of "Gigliuccio"?—A. Right.

   *      *      *      *      *      *      *

R. D. Q. Aren't those two rows of hemstitching, so designated by you, an integral part of the openwork known as "Gigliuccio"?—A. That is right.

R. D. Q. In other words, this design which you have bought and sold for twenty years as "Gigliuccio" has always been identical with this openwork on Exhibit 1?—A. Right.

   *      *      *      *      *      *      *

By Judge DALLINGER:

Q. You testified on direct examination that that was one row?—A. One row of "Gigliuccio."

Q. You mean by that, one row of hemstitching?—A. I don't know how you call that.

Q. How do you reconcile your statement on direct testimony that it is only one row, and what you said about two rows on cross-examination?—A. One row is the openwork; one row is supported by stitches on the side in order to make the "Gigliuccio" straight.

Q. You go from one side to the other?—A. *Each side individually.* [Italics ours.]

\* \* \* \* \* \* \* \*

R. D. Q. And is all of that work then sewn into one row, known as "Gigliuccio"?—A. You mean on the sides?

R. D. Q. The entire row of work as it is made when they draw the thread on each side, the finishing thread on each side is sewn into one integral row?—A. Right.

R. D. Q. And you know that particular work as falling within the class of articles which you have dealt in for twenty years as plain or straight hemstitching?—A. That is right.

Fourteen witnesses testified in behalf of appellant.

There was diversity of opinion among these witnesses as to the character of Exhibit 1.

Eight witnesses testified that it had two rows of hemstitching, three testified that it had three rows, one that it had one row of hemstitching and two rows of fancy stitching, two that it had no straight hemstitching but did have three rows of drawn work; one of the latter further testified that if it could be termed hemstitching it had three rows.

We would here observe that all of the witnesses on both sides seemed qualified to testify upon the subject of hemstitching.

There was incorporated in the instant record the record in the case of *United States* v. *R. E. Macksoud, Central Maderia Corp.,* 27 C. C. P. A. (Customs) 218, C. A. D. 87. It was established that some of the merchandise involved in that case was identical with the merchandise here involved.

While the napkins here involved are identical with napkins involved in the last-cited case, the question before us was not an issue in that case for the reason that it arose under paragraph 1430 of the Tariff Act of 1922 which excluded all straight hemstitching therefrom, while paragraph 1529 (a) of the Tariff Act of 1930 here involved excludes therefrom articles having "one row of straight hemstitching."

The question decided in the *Macksoud* case was that such open work as is here involved is straight hemstitching. In the case at bar this is conceded.

While in our opinion in that case we stated that articles like those here involved had three rows of hemstitched openwork, this was clearly an *obiter* observation, for it was in no way necessary to our decision.

It is our duty to consider the facts appearing in the record relative to the structure of the openwork of the involved napkins.

In considering this question we would first observe that we are in accord with the testimony in the case that the hemstitched openwork upon the napkins consists of one row of that certain design known as

"Gigliuccio," but paragraph 1529 (a) does not provide that a fabric having one row of "Gigliuccio" or any other design or pattern of openwork shall be excluded, for it is only one row of "straight hemstitching" that is excluded therefrom. It is clear to us that there might be several independent rows of straight hemstitching upon a fabric that would be known under a distinctive name, depending upon the number of rows, and while that would be considered as only one row of that particular design or pattern, it would consist of several rows of straight hemstitching within the meaning of the statute.

It is therefore our conclusion that if the openwork upon the involved napkins has more than one independent row of straight hemstitching, it is included within the provisions of section 1529 (a), even though the *design* should be regarded as a single row of such design. In other words, while the pattern known as "Gigliuccio" consists of a single row, considered as a whole, if such pattern contains more than one independent row of straight hemstitching, the judgment appealed from should be reversed.

In our opinion the evidence establishes that the row of withdrawn threads nearest the edge of the napkin, and the row of withdrawn threads farthest therefrom are in their finished state, entirely independent of each other. One of appellee's witnesses, George Makla, on cross-examination testified, as hereinbefore quoted, that it requires three rows of hemstitching to produce one row of "Gigliuccio," and that the three rows are independent and separate from each other. However, on redirect examination he testified that the three rows were "interworked together" to create one row of "Gigliuccio."

Appellee's witness, Massabni, testified as hereinbefore quoted, that the two rows of withdrawn threads on either side of the center row consist of hemstitching, each row individually supporting the center row by means of added threads.

The testimony on behalf of appellee is not very clear as to the process of producing the design known as "Gigliuccio," but the testimony on behalf of appellant is quite clear upon this point, and appellee's rebuttal testimony does not contradict it insofar as the process is concerned.

Appellee's brief upon this point states:

While this finishing is done by two hemstitching operations employing two distinct and additional threads, the final result of the needlework just described is the production of one complete, finished row of openwork having the appearance of a row of figures, each resembling the letter "X," between two parallel bars.

According to the testimony on behalf of appellant there is no connection between the first and third rows of withdrawn threads, but each is connected with the center row to finish or complete said first and third rows. In other words, the finishing of the first and third rows are separate and distinct operations. The thread

which finishes the first row does not move across the fabric farther than the legs of the crosses which form a part of the center row, and from there back again to the first row. The third row is completed in the same manner.

It thus appears that removing the added thread from the first row would in no way affect the structure of the third row and vice versa.

The trial court in its decision stated:

> The testimony in this case is to the effect that in the production of "gigliuccio," the hemstitching on the instant merchandise, three sets of threads must be withdrawn and the threads introduced to finish or complete the hemstitching, or "gigliuccio," must be so arranged as to gather the loose threads into one row as an entirety, and any removal of the thread so introduced would destroy the entire pattern of "gigliuccio."

We are in agreement with the foregoing to the extent that the removal of one of the threads introduced would destroy "the entire pattern of 'gigliuccio'" but it is not the pattern of "Gigliuccio" that is designated in paragraph 1529 (a) but "one row of straight hemstitching," and we believe that the evidence clearly establishes that if the thread introduced in either of the outer rows is removed there would remain "one row of straight hemstitching." Therefore, as the outer rows are independent of each other, the involved napkins have at least two rows of straight hemstitching.

In conclusion we are of the opinion that while the rows of the open work upon the involved napkins constitute one row of "Gigliuccio," this pattern consists of more than one row of straight hemstitching, and the merchandise is therefore dutiable under the provisions of paragraph 1529 (a) at the rate of 90 per centum ad valorem.

For the reasons stated appellee's protest should have been overruled by the trial court and the judgment appealed from is *reversed.*